AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | 1/9/06 |
| NAME OF SERVER (PRINT) Wayne E. Gorman | TITLE | CI / DUSM |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: 1000 Chippenham Road Mechanicsburg, Pa 17050

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

FILED
HARRISBURG, PA

JAN 1 0 ...

MARY ... D'ANDREA. CLERK

| STATEMENT OF SERVICE FEES | | | |
|---|---|---|---|
| TRAVEL | SERVICES | TOTAL | $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  1/9/06
          Date

_____ Wayne E. Gorman _____
          Signature of Server

USMS Harrisburg, Pa
          Address of Server

Betty Thomas stated that he would be at the hearing as it would give him a chance to explain some problems he has.

wy

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,            :
      Plaintiff

                      :

      vs.                            CRIMINAL NO.  1:CR-01-025-01

                      :

MONROE HAWKINS,
      Defendant                      :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

       The defendant, who was convicted by a jury on June 15, 2001, was represented at trial by the federal public defender. On April 18, 2002, prior to sentencing, new counsel, Anthony N. Thomas, Esquire, entered his appearance for the defendant and represented him at sentencing on July 24, 2002.

       One year later, on July 24, 2003, the court granted a motion filed by Mr. Thomas to extend defendant's time for filing a § 2255, and directed that a motion must be filed by August 22, 2003. The docket reflects the fact that no motion was ever filed.

       More than two years later, on November 3, 2005, the court received a letter from defendant requesting a copy of his § 2255 motion. On that same date an order was entered directing Mr. Thomas to file a response within ten days indicating why no

motion had been filed.    Apparently this order never reached Mr. Thomas, and on November 30, 2005, another order was entered, which provided Mr. Thomas with a copy of the November 3, 2005, order and directed that a response be made within ten days thereof (by December 14, 2005).   No response has been forthcoming.

In consideration of this history it is

ORDERED

that Anthony N. Thomas, Esquire, appear personally before the court on Tuesday, January 17, 2006, at 11:00 a.m., and show cause why he should not be held in contempt and sanctioned for failing to comply with the orders entered in this case on July 24, 2003, November 3, 2005 and November 30, 2005.

On or before January 12, 2006, a copy of this order shall be served personally on Mr. Thomas by the United States Marshal.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 6, 2006

2