IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA            :
                                    :
                                    :
                    v.              :    Case No.
                                    :    1:01-CR-025-01
MONROE HAWKINS,                     :
          Defendant                 :


TRANSCRIPT OF PROCEEDINGS

SENTENCING

VOLUME 2

**FILED**
**HARRISBURG, PA**

**AUG 2 4 2006**

**MARY E. D'ANDREA, CLERK**
Per _____
              Deputy Clerk


BEFORE:    HON. WILLIAM W. CALDWELL, Judge

DATE:      July 24, 2002

PLACE:     Courtroom Number One
           Federal Building
           Harrisburg, Pennsylvania


COUNSEL PRESENT:

WILLIAM A. BEHE, Assistant United States Attorney
    For - United States of America

ANTHONY N. THOMAS, Esquire
    For - Defendant


                              Vicki L. Fox, RMR
                              Official Reporter

Hawkins - Sentencing                                                     2

1          THE COURT:  Good afternoon.

2          MR. BEHE:  Good afternoon.

3          MR. THOMAS:  Good afternoon, Your Honor.

4          THE COURT:  I think the one point we were talking

5    about this morning that I haven't responded to on the record

6    is the idea that I should make a downward departure based

7    upon Mr. Hawkins' rehabilitative efforts.  Well, fine.

8          I have determined that this is not the perfect

9    case for me to do that, and I am going to deny that request.

10         MR. THOMAS:  Your Honor, may I please?  Earlier

11   you questioned whether or not there was an objection with

12   regard to the criminal history category.  I believe there

13   may have been some confusion.

14         I was assuming that we were talking about the

15   criminal history points which affected the offense level.

16   And the idea -- and, again, this was confusing as to whether

17   or not that was resolved is really not -- it is not

18   resolved.  If I can briefly just present --

19         THE COURT:  Sure.

20         MR. THOMAS:  -- a quick argument.  Your Honor,

21   the defendant would like to respectfully request a departure

22   and a reduction of the criminal history category.  This

23   information, Your Honor, this argument actually is in our

24   memorandum in support of our objections.

25         THE COURT:  I asked you about that this morning.

Hawkins - Sentencing                                    3

1          MR. THOMAS:  Yes, I understand.  One is that the

2     criminal history category of six that has been -- I am sorry

3     -- three based on the six points seriously over represents

4     his prior criminal history.  He really only had one prior

5     conviction that was more than eight years ago.

6          And his criminal history score doesn't indicate

7     likelihood that he will be committing any other offense upon

8     his release.

9          The idea of recidivism is important in this case,

10    and there is no indication there.  If a downward departure

11    is --

12         THE COURT:  We don't call that a departure I

13    don't think; do we, Mr. Behe?

14         MR. BEHE:  No, Your Honor.

15         MR. THOMAS:  Reassignment of the category.

16         THE COURT:  You are saying that the Category 3

17    overstates the seriousness of his prior criminal history and

18    you want me to go to Category 2?

19         MR. THOMAS:  Yes.

20         THE COURT:  Okay.

21         MR. THOMAS:  In addition to that, I believe some

22    of the case law supports the idea that a defendant's prior

23    criminal history -- or it should be considered in light of

24    those defendants that are similarly situated.

25         THE COURT:  Right.

Hawkins - Sentencing                    4

1          MR. THOMAS:  We do know from the prior cases that

2    surrounded this particular set of criminal activity, those

3    other cases where those defendants were actually convicted

4    where there was actual physical evidence, all those folks

5    are home today with their family.

6          THE COURT:  Do you want to respond to that

7    request?

8          MR. BEHE:  Yes.  Very briefly, Your Honor.  I

9    would suggest that the criminal history category under

10   represents the seriousness of his criminal history.  I mean

11   he has one prior drug conviction.  But as Your Honor knows

12   not accepting the drug weights for relevant conduct, it

13   nonetheless gives Your Honor a portrait of this individual's

14   criminal background.

15         And the fact that he has one prior conviction for

16   possession of 63 grams of cocaine when he admittedly was

17   involved in nine kilograms of cocaine during a period of

18   time that Your Honor is not going to consider is relevant

19   conduct would lend support to an argument that Category 3

20   under represents it.  But nonetheless, I think it adequately

21   represents his criminal history.

22         THE COURT:  Well, let me ask you this question:

23   Do you look at anything more than the offenses themselves?

24   You are going into the background of some of the offenses

25   and so forth.

Hawkins - Sentencing                              5

1          MR. BEHE:  I think that the crime of conviction

2    was possession with intent to distribute, and it was a drug

3    conviction.  And counsel is saying it does not -- it

4    overstates his criminal background.

5          I would like to think that the conduct

6    surrounding that activity -- or perhaps I should take a

7    moment to refer to that section of the guidelines.

8          THE COURT:  I would like to look at that with

9    you, too.  What section is that?

10         MR. THOMAS:  4(a)1.3.

11         THE COURT:  If the reliable information indicates

12   that the criminal history category does not adequately

13   represent the seriousness of defendant's past criminal

14   conduct or the likelihood that the defendant will commit

15   other crimes, okay.  So what is your point again?

16         MR. BEHE:  The point is that it is not restricted

17   to convictions or sentences, but should embrace his criminal

18   conduct.  And that the crime and conviction when viewed

19   against the background of the defendant's own admitted

20   involvement in nine kilograms of cocaine, which I think is

21   at the low end based on Mr. Bennett's testimony, would

22   indicate that it does under represent his criminal conduct.

23         I am not asking for a departure.  I would just

24   use that as a basis for the Court rejecting the request to

25   reduce the criminal history category.

Hawkins - Sentencing                                              6

1      THE COURT:  The thing that gets Mr. Hawkins to
2   Category 3 are the three points that are added in sections
3   38 and 39 of the presentence report.  Two are for committing
4   this offense while he was in the halfway house and one for
5   committing the offense less than two years after release
6   from imprisonment.

7          Had he not had those enhancements, he would be a
8   Category 2.  Is that your understanding?

9          MR. BEHE:  Yes.  And there is really nothing
10  about those added points that I think can be taken away by
11  saying they overstate.  They state exactly what those points
12  are added for.

13         THE COURT:  Okay.

14         MR. THOMAS:  Your Honor, excuse me.  It is after
15  that point that supports the argument that had it not been
16  for this current activity, his prior criminal history would
17  have indicated or would have put him in that Category 2.

18         On the next page in that same section 4(a)1.3,
19  the second full paragraph, last sentence, it says the Court
20  may conclude that the defendant's criminal history was
21  significantly less serious than that of most defendants in
22  the same criminal history category in this case and
23  therefore consider a downward departure from the guidelines.

24         Here he was a Category 3 because of this
25  activity, the offense of conviction now.  Then again those

Hawkins - Sentencing                    7

1    defendants that are similarly situated would have been in

2    the Category 2.  So it would be appropriate to consider.

3             THE COURT:  Well, it is my conclusion that I

4    think you have to look at this young man's criminal record

5    and compare that to the criminal record of many other people

6    who come in here with criminal history categories of two or

7    three.

8             I am going to perhaps extend myself further than

9    I should, but I am going to make a downward departure to

10   Category 2.

11            I think the whole thing is academic, however,

12   because the government has in this case moved for an

13   enhanced sentence in which the minimum that I can impose is

14   240 months.

15            MR. BEHE:  Yes, Your Honor.

16            THE COURT:  All right.  I would like everybody to

17   come up now please, and we will hear you on the question of

18   sentencing.

19            Mr. Thomas, do you have anything further that you

20   would like to say on Mr. Hawkins' behalf?

21            MR. THOMAS:  Your Honor, just simply that the

22   defendant understands that the purpose today is simply to

23   impose sentence, and that he is not here to argue the merits

24   of any of this case.  Simply, he prays for leniency.  That

25   is all.

Hawkins - Sentencing                                8

1    THE COURT:  Mr. Hawkins, would you like to say

2    anything today, sir?

3    THE DEFENDANT:  Yes.  I would like to say that

4    sometimes, you know, you get caught into the wrong

5    association with the wrong people.  I am not here to argue

6    the fact that I may not have been guilty or I may have been

7    guilty.  It has really been declared by a jury of twelve.

8        I do pray that you do have leniency, that you see

9    that I am not the person that people make me out to be.

10    THE COURT:  Okay.  Mr. Behe?

11    MR. BEHE:  Your Honor, my recalculation of the

12    the guidelines and the criminal history category suggest --

13    and I believe I am correct -- that if it is a Category 2

14    with an offense level of 36, that the guideline range is 210

15    to 262 months.

16    THE COURT:  That's correct.

17    MR. BEHE:  That would suggest that if the Court

18    were to impose a sentence above the mandatory minimum of

19    240, that would be possible.  I am not asking the Court to

20    do that.  I think 20 years is a substantial sentence.

21    THE COURT:  You understand, Mr. Thomas, that by

22    filing the notice, that the government was going to seek an

23    enhanced sentence?

24    MR. THOMAS:  Yes.

25    THE COURT:  That under the statute, specifically

Hawkins - Sentencing                                    9

1   841(b)(2)(I)II and the penalty provision following that, if

2   any person commits such a violation after prior conviction

3   for a felony drug offenses become final, such person shall

4   be sentenced to a term of imprisonment which may not be less

5   than 20 years.  So I think the Court is obliged regardless

6   of how I might feel to impose that sentence.

7              Pursuant to the Sentencing Reform Act of 1984, it

8   is the judgment of the Court that the Defendant Monroe

9   Hawkins be committed to the custody of the Bureau of Prisons

10  to be imprisoned for a term of 240 months.

11             This term consists of terms of 240 months on each

12  of Counts I and VI, 48 months on Count III and 60 months on

13  Count IV.  Said sentence to be served concurrently.

14             We find that the defendant will have some ability

15  to pay a fine in the future and accordingly order to be paid

16  to the United States the sum of $1400.00.  This consists of

17  a fine of $250 and a special assessment of $100.00 on each

18  count.

19             The fine and assessment shall be paid through the

20  Clerk of Court, are due in full immediately and are payable

21  during the period of incarceration with any balance to be

22  paid within ten years of his release from custody.

23             Upon release from imprisonment, the defendant

24  shall be placed on supervised release for a term of ten

25  years.  This term consists of terms of ten years on each of

Hawkins - Sentencing                                    10

1    Counts I and VI, one year on Count III and three years on

2    Count VI.  Said terms to be served concurrently.  I hope I

3    got that right.

4              Within 72 hours of release from custody, the

5    defendant shall report in person to the Probation Office in

6    the District to which he is released.

7              While on supervised release, the defendant shall

8    comply with the standard conditions that have been adopted

9    by this Court and with the following additional condition:

10   He shall pay any balance of the fine imposed by this

11   judgment which remains unpaid at that time in installments

12   -- minimum monthly installments of no less than $50.00.

13             We find that the defendant poses a low risk of

14   future substance abuse, and therefore we suspend the

15   mandatory drug testing requirement.

16             Mr. Hawkins, I now must advise you formally that

17   you do have the right to appeal your sentence to the United

18   States Court of Appeals.  If you are unable to pay the cost

19   of an appeal, then you must apply for leave to file informa

20   pauperis.  If approved, counsel will be appointed for you,

21   and you will not be required to pay any costs.  I am sure

22   that Mr. Thomas will discuss that matter with you.

23             I just want to say to you, sir, that the evidence

24   -- I understand that you are continuing in your position

25   that you are innocent of these offenses.  But I sat here and

Hawkins - Sentencing                    11

1    heard you and heard the other witnesses, and I thought the

2    evidence was overwhelming against you.

3              Had you come in and pled guilty, I am sure you

4    would be facing a far shorter sentence than I have been

5    required to impose upon you.  I am not criticizing you for

6    going to trial, but it is just my observation under these

7    circumstances.  I regret that that didn't occur because I

8    think it would have been in your best interest.

9              Is there anything further, Mr. Behe?

10             MR. BEHE:  Yes.  I move at this time, Your Honor,

11   to dismiss the original indictment in this matter.

12             THE COURT:  That indictment is dismissed.

13             THE CLERK:  Court is adjourned.

14             (Whereupon, the proceedings were concluded.)

15

16

17

18

19

20

21

22

23

24

25

12

1          I hereby certify that the proceedings and

2    evidence are contained fully and accurately in the notes

3    taken by me on the trial of the above cause, and that this

4    copy is a correct transcript of the same.

5

6                              Vicki Fox RMR

7                              Vicki L. Fox, RMR

8

9

10          The foregoing certification of this transcript

11   does not apply to any reproduction by any means unless under

12   the direct control and/or supervision of the certifying

13   reporter.

14

15

16

17

18

19

20

21

22

23

24

25