## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 1:01-CR-025-01 |
| | : | |
| MONROE HAWKINS | : | JUDGE CALDWELL |

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION UNDER 28 U.S.C. §2255 TO VACATE,
## SET ASIDE, OR CORRECT SENTENCE

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No. 49618
1525 Cedar Cliff Drive
Camp Hill, PA 17101
Telephone: (717) 737-2430
Facsimile: (717) 737-2452
Email: deboyle@dennisboylelaw.com

Counsel For: Monroe Hawkins

Dated: September 22, 2006

## **TABLE OF CONTENTS**

**Page(s):**

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     PROCEDURAL HISTORY AND FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.     Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.     Statement of Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

              1.     Indictment and Trial.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

              2.     Ineffectiveness of Counsel.. . . . . . . . . . . . . . . . . . . . . . . . . 3

II.    QUESTION PRESENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.     Introduction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.     Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.   CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## **TABLE OF AUTHORITIES**

**Statutes:** **Page(s):**

28 U.S.C. §2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

**Cases:**

*Pequero v. United States*, 526 U.S. 23, 119 S.Ct. 961 (1999). . . . . . . . . . . . . . . 8, 9

*Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715 (1969). . . . . . . . . . . . . . 8

*Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000). . . . . . . . . . . . . . . . 7, 9

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). . . . . . . . . . . . . . 7

I.  **PROCEDURAL HISTORY AND FACTS:**

A.  **Procedural History:**

The Petitioner, Monroe Hawkins, was indicted on January 24, 2001, on four (4) counts of a seven (7) count Indictment alleging multiple narcotics related offenses. Following a four (4) day jury trial from June 11, 2001, through June 15, 2001, Mr. Hawkins was convicted on all four (4) Counts. After his jury trial, but before sentencing, Mr. Hawkins retained private counsel, Anthony N. Thomas, Esquire, to represent him at sentencing. On July 24, 2002, Mr. Hawkins was sentenced to a term of imprisonment of 240 months on each of Counts 1 and 6, to run concurrently. He was also sentenced to concurrent sentences of 48 months on Count 1 and 60 months on Count 4. No appeal was filed to the conviction or sentence.

On July 24, 2003, Mr. Thomas, on behalf of Mr. Hawkins, filed a "Motion for Extension of Time for Filing of Defendant's 2255 Motion". By Order of July 25, 2003, this Court directed counsel to file a 2255 Petition by August 22, 2003. It was not until November 3, 2005, however, that the Court learned that its July 25, 2003, Order had not been complied with. On January 6, 2006, this Court entered an Order to Show Cause against Mr. Thomas directing him to appear before the Court and explain why he should not be held in contempt or otherwise sanctioned. After a hearing, the Court entered an Order against Mr. Thomas.

By Order of January 19, 2006, undersigned counsel was appointed to represent Mr. Hawkins, and, after investigation, has filed a Motion alleging ineffective assistance of counsel seeking restoration of Mr. Hawkins' appeal rights. This Brief is filed in support of that Motion.

**B.     Statement of Facts:**

**1.     Indictment and Trial.**

In as much as this Court sat through the four (4) day jury trial hearing all of the evidence for itself, the Petitioner will not restate the trial facts other than to note that virtually all of the Government's allegations were denied by Mr. Hawkins. It was, at trial and continuing through the present, Mr. Hawkins' position that he had not been a drug dealer and had not committed any of the offenses of which he was convicted. The trial itself was contested, with multiple trial objectives, a motion for a mistrial that was denied by the Court, a motion challenging the legal sufficiency of the evidence which was again denied by the Court, etc.. There were also issues preserved in the sentencing proceeding. Any one of these issues could have resulted in a new trial or a new sentencing hearing following an appeal.

## 2.     **Ineffectiveness of Counsel.**

The primary area of ineffectiveness involves the failure of Mr. Hawkins' then counsel, Anthony Thomas, Esquire, to file an appeal. Mr. Hawkins hired Mr. Thomas for two reasons: (1) to represent him at sentencing; and, (2) to file an appeal. A review of the sentencing transcript reveals that Mr. Thomas did represent Mr. Hawkins at sentencing, and that he did file objections to the Pre-Sentence Report which were overruled by the Court. Thus, at the conclusion of the sentencing hearing, there were multiple non-frivolous bases for appealing both the conviction and the sentence. Mr. Hawkins had, at that point, paid Mr. Thomas to appeal and assumed that an appeal had been timely filed.

Several months later, Mr. Thomas contacted Mr. Hawkins and told him that the issues raised on appeal, *i.e.*, the legal sufficiency of the evidence, trial objections, sentencing objections, were best raised before the trial court in a 28 U.S.C. §2255 Motion. Based upon Mr. Thomas' recommendation, Mr. Hawkins authorized the filing of a §2255 Motion in the summer or fall of 2002. Thereafter, Mr. Hawkins believed the §2255 Motion had been filed. Unbeknownst to Mr. Hawkins, on July 22, 2003, Mr. Thomas filed a motion to extent the deadline for filing a §2255 Motion, and this Court ordered Mr. Thomas to file the Motion on or before August 22, 2003.

Mr. Hawkins had sporadic contact with Mr. Thomas through 2005 on the status of the Motion, which he had been told was filed. At sometime in 2005, however, Mr. Thomas withdrew from the practice of law, and Mr. Hawkins was no longer able to contact him. In November of 2005, he contacted the Clerk's office and discovered, for the first time, that a motion had never been filed. Thereafter, Mr. Hawkins made the Court aware of this finding, and the Court scheduled a show cause proceeding.

The conduct reveals that Mr. Thomas failed to timely file an appeal. Following that failure, he then advised the filing of a §2255 Motion to Mr. Hawkins which, in all likelihood, would have had no validity. Mr. Thomas then failed to follow through with a 28 U.S.C. §2255 Motion, in violation of a Court Order. Even after this failure, Mr. Thomas persisted in his representation that the Motion had been filed. Mr. Hawkins contends that these failures constitute ineffective assistance of counsel, and the Government has indicated that it is not opposed to the restoration of Mr. Hawkins' appeal rights.

II. **QUESTION PRESENT:**

    A.    WHETHER THE PETITIONER'S TRIAL COUNSEL WAS INEFFECTIVE THEREBY DEPRIVING THE PETITIONER OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL WHERE HE HAD BEEN RETAINED TO FILE AN APPEAL IN A CASE WHERE THERE WERE MULTIPLE NON-FRIVOLOUS BASES FOR APPEAL BUT FAILED TO TIMELY FILE THE APPEAL?

        (Suggested Answer in the Affirmative.)

### III.   ARGUMENT:

####   A.    Introduction:

In his Motion under 28 U.S.C. §2255, Monroe Hawkins asserts four (4) separate bases for his ineffective assistance of counsel claim. After further investigation, however, the first two reasons for the §2255 Motion, failure to advise Mr. Hawkins of the consequences of testifying in his own behalf and failure to object at the sentencing proceeding, are hereby withdrawn. Objections were, in fact, made at the sentencing hearing and have been preserved for appeal. The fourth basis for the Motion, that Mr. Thomas was ineffective in failing to file a 28 U.S.C. §2255 Motion, would actually merge with the failure to file an appeal, since both would result in the same remedy. Therefore, the relief requested in this case is restoration of Mr. Hawkins' appeal rights. The Government does not oppose the restoration of Mr. Hawkins' appeal rights.

####   B.    Argument:

In this case, the Petitioner, Monroe Hawkins, contends that his counsel at sentencing and after sentencing was ineffective for failing to file a timely notice of appeal. It is undisputed that Mr. Hawkins was instructed to file an appeal and that he

failed to do so. Further, there were issues preserved for appeal, including a mistrial motion, a motion for acquittal based upon the legal sufficiency of the evidence, multiple trial objections in the four (4) day trial, the quantity of cocaine at sentencing, etc. None of these issues can be termed frivolous. There would also be no reasonable tactical reasons not to file an appeal. Thus, the representation afforded Mr. Hawkins by his privately retained counsel fell well below that required by the Sixth Amendment to the U.S. Constitution.

It is well established that a criminal defendant's Sixth Amendment right to effective assistance of counsel is violated when the counsel's representation falls below "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052 (1984), and when that deficiency has resulted in prejudice to the defendant. *Id.* at 694, 104 S.Ct. at 2052. *Strickland* itself actually dealt with representation at trial; however, in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000), the Supreme Court held that the two-pronged *Strickland* test "applies to claims like respondent's, that counsel was ineffective for failing to file a notice of appeal." *Id.* at 477, 120 S.Ct. at 1034.

*Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. at 1029, is remarkably similar to the present case. In that case, counsel was asked to file a notice of appeal but

failed to do so; the Court then went on to explain the application of *Strickland* to circumstances where counsel had failed to file a notice of appeal. In terms of the first prong of the *Strickland* test, that the representation fell below an objective standard of reasonableness, the Court held the failure was "professionally unreasonable". *Id.* at 477, 120 S.Ct. 1035 (citing, *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715 (1969) and *Pequero v. United States*, 526 U.S. 23, 119 S.Ct. 961 (1999)). The Court also held that the failure to file an appeal " . . . cannot be considered a strategic decision; filing a notice of appeal is purely a ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Id.*

The facts of the present case are, if anything, more compelling than those addressed by the Supreme Court in *Flores-Ortega*. In the present case, Mr. Hawkins not only asked his attorney to file an appeal; he <u>paid</u> him to do so. Further, Mr. Thomas misled his client about the status of the appeal for an extended period of time. These facts easily fail the *Strickland* performance inquiry as explained in *Flores-Ortega*. Mr. Hawkins therefore meets the final prong of the *Strickland* inquiry.

Prior to *Flores-Ortega*, the Supreme Court had at least implied that the second prong of *Strickland* need not be applied where counsel had failed to file an appeal.

*See, Pequero v. United States*, 526 U.S. at 23, 199 S.Ct. at 961 (holding that when "counsel fails to file an appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have merit"). In *Flores-Ortega*, however, the Court held that prejudice was still technically required, but that prejudice was presumed. The denial of the right to appeal is, according to the Court, different from the normal *Strickland* trial allegations.

> According to respondent, counsel's deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a fair judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether. In Cronic, Penson, and Robbins, we held that the complete denial of counsel during a critical state of a judicial proceeding mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable." Cronic, supra, at 659, 104 S.Ct. 2039. The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any "presumption of reliability." Robbins, at 286, 120 S.Ct. 746, to judicial proceedings that never took place.

*Flores-Ortega*, 528 U.S. at 483, 1020 S.Ct. at 1029. The Court then went on to hold that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a

9

successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484, 1020 S.Ct. at 1029.

Thus, without delving into the merits of Mr. Hawkins' appeal, it is clear that he has made out a successful ineffective assistance of counsel claim, and he should have his appeal rights restored.

**IV.   CONCLUSION:**

For the reasons set forth above, it is respectfully requested that Mr. Hawkins' 28 U.S.C. §2255 Motion be granted and that his appeal rights be restored.


       /s/  *Dennis E. Boyle*
       **Dennis E. Boyle, Esquire**
       Supreme Court I.D. No.  49618
       1525 Cedar Cliff Drive
       Camp Hill, PA  17101
       Telephone:  (717) 737-2430
       Facsimile:  (717) 737-2452
       Email:  deboyle@dennisboylelaw.com

       Counsel For:  Monroe Hawkins

Dated:  September 22, 2006

# CERTIFICATE OF SERVICE

      I hereby certify that on the date listed below I electronically filed the foregoing Brief in Support of Motion Under 28 U.S.C. §2255 with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email address(es):

    William A. Behe, Esquire
    william.behe@usdoj.gov

                                                    /s/ *Penny A. Rogers*
                                           Penny A. Rogers, Paralegal

Dated: September 22, 2006