IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
    Plaintiff
                                    :
    vs.                       CRIMINAL NO. 1:CR-01-025-01
                                    :
MONROE HAWKINS,
    Defendant                :

*M E M O R A N D U M*

*I.   Introduction*

Defendant Monroe Hawkins, an inmate at Federal Correctional Institution-Fort Dix, has filed a motion pursuant to 28 U.S.C. § 2255. We are conducting an initial review of the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. Hawkins' § 2255 motion raises fours claims, namely: 1) Public Law No. 80-772 is unconstitutional; 2) the court erred by not establishing his crimes occurred in the Middle District of Pennsylvania; 3) the court lacked jurisdiction; and 4) ineffective assistance of counsel. We will dismiss all of his claims pursuant to Rule 4(b).

*II.   Background*

Defendant was convicted of four counts of drug related offenses. In July of 2002, we sentenced him to a term of 240

months imprisonment on counts I and VI, and 48 to 60 months on counts III and IV, respectively, to be served concurrently.

He then filed a § 2255 motion seeking restoration of his right to appeal. Hawkins claimed his counsel was ineffective for failing to appeal the judgment of conviction and sentence. We granted his motion, and a timely appeal to the Court of Appeals followed. The Third Circuit affirmed our imposition of sentence. He then filed the § 2255 motion now before this court.

III. Discussion

    *A. Constitutionality of Public Law 80-772 and § 1321*

Hawkins argues that Public Law No. 80-772 was not enacted in a constitutional manner. Public Law No. 80-772 vested district courts with jurisdiction over federal criminal violations. 18 U.S.C. § 3231. This section provides that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

The Honorable Lawrence F. Stengel, in *Charles v. Levi*, No. 08-cv-1965, 2008 WL 1995300 (E.D. Pa. May 6, 2008),

commented on the history of such constitutional claims brought by defendants in other courts. Judge Stengel wrote,

> 18 U.S.C. § 3231 was enacted into law by Congress on June 25, 1948 by means of Public Law Number 80-772. 18 U.S.C. § 3231 has never been amended, and exists today in the exact same form that it existed in on June 25, 1948, and with the exact same words. Petitioner claims that there was allegedly a *sine die* recess between the adoption of Public Law 80-772 by the House of Representatives and the adoption of Public Law 80-772 by the Senate, in violation of the United States Constitution. Various prisoners have made variations on this central argument, such as that the Speaker of the House and the President of the Senate allegedly met in one of their private offices during this alleged *sine die* recess and signed Public Law 80-772 into law without approval from their respective Houses, with the intent on their part to be deceptive. There are also variations on this central argument stating that the versions of Public Law 80-772 adopted by the Senate and the House of Representatives were allegedly not completely identical, and that therefore the statute was enacted in an unconstitutional manner; there are also variations on this argument stating that Congress's record-keeping concerning the events of June 25, 1948 was allegedly unclear and confusing, leading many prisoners to allege that something deceptive happened in Congress that day. Drawing upon these allegations, the argument is made that Public Law 80-772 was not enacted in a constitutional manner, and that therefore, every federal criminal conviction and/or sentence imposed by any federal court since June 25, 1948 is allegedly unconstitutional.

As Judge Stengel's summary indicates, we are not alone in confronting this issue.  We are also not alone in determining that the allegations put forward by Hawkins are simply not true. *United States v. Risquet*, 426 F.Supp.2d 310 (E.D. Pa. April 5, 2006)(finding no support in the theory that § 3231 was improperly enacted); *United States v. Lawrence*, No. 02CR200, 2006 WL 250702 (N.D. Ill. Jan. 27, 2006); *Lister v. United States,* Nos. 06-cv-1355, 03-CR-374-N, 2006 WL 3751324 (N.D. Tex. Dec. 20, 2006); *Cullum v. Fox*, No. 06-cv-309, 2006 WL 3691170 (E.D. Tex. Dec. 11, 2006); *Derleth v. United States*, No. L-05-1745-6, 2006 WL 1804618 (S.D. Tex. June 27, 2006).  Defendant's first claim for relief is without merit, and we will dismiss it.

    *B.   Offenses occurred in the Middle District*

Hawkins claims that there was no affirmative finding that his offenses occurred in the Middle District of Pennsylvania.  This claim is clearly meritless.  Defendant was indicted by a properly convened grand jury and charged with violations of federal law.  The drug related offenses that were the subject of the indictment all occurred in Dauphin County, Pennsylvania.  Dauphin County is located within the Middle District of Pennsylvania.  As his second claim for relief lacks merit, we will dismiss it.

4

*C.   Jurisdiction*

Hawkins argues that we did not have territorial jurisdiction over his criminal offenses because this court was never authorized by Congress or the Supreme Court of the United States to employ the Fed. R. Crim. Pro.  He asserts his offenses must have occurred in a territory or possession in order for the court to have jurisdiction.  As we indicated earlier, 18 U.S.C. § 3231 was properly enacted giving this court jurisdiction over the offenses charged in Defendant's indictment.  Therefore, we will dismiss his claim for relief.

*D.   Ineffective Assistance of Counsel*

Defendant claims he was denied effective assistance of counsel when his counsel failed to investigate the issues related to the court's jurisdiction and failed to investigate the validity of his indictment.

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984), the Supreme Court set forth the test for ineffective assistance of counsel claims.  Pursuant to *Strickland*'s two-pronged test, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was

prejudicial. *Id*. at 688, 692.[1]  "The proper measure of attorney performance" is "reasonableness under prevailing professional norms." *Id.* at 688.  Counsel's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.  Second, the defendant must show that counsel's deficient performance prejudiced his defense. *Id*.  The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Finally, "judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Lewis v. Mazurkiewicz*, 915 F.2d 106, 111 (3d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689).

As we noted earlier, Hawkins challenges to his indictment, jurisdiction and constitutionality of Public Law No. 80-772 are without merit.  Since his claims are meritless, it was not unreasonable for his counsel to fail to raise the issues.  Also, Hawkins cannot demonstrate that the outcome of his proceedings would have been different if his counsel had

---

[1] The court need not address both prongs if the petitioner has failed to satisfy one of them. *Strickland*, 466 U.S. at 697.

objected.  Therefore, he fails to demonstrate that he could meet either prong of the *Strickland* standard.  We will deny his claim for relief.

*IV.   Certificate of Appealability*

Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue if Hawkins "has made a substantial showing of the denial of a constitutional right."  Based on the above analysis, we will not issue a certificate of appealability for Hawkins' § 2255 motion.  Hawkins is advised, however, that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: March 6, 2009

7

```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
        Plaintiff
                               :
        vs.                        CRIMINAL NO.  1:CR-01-025-01
                               :
MONROE HAWKINS,
        Defendant              :
```

*O R D E R*

AND NOW, this 6th day of March, 2009, upon consideration of Defendant Monroe Hawkins' motion under 28 U.S.C. § 2255 (doc. 163), and pursuant to the accompanying Memorandum, it is ordered that:

    1.  Defendant's motion is denied.

    2.  A certificate of appealability is denied.

    3.  The Clerk of Court shall close this file.


                                        <u>/s/William W. Caldwell</u>
                                        William W. Caldwell
                                        United States District Judge